Huang v. Garland

BIA
Loprest, IJ
A205 216 718

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

PRESENT:
SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
WILLIAM J. NARDINI,
    *Circuit Judges.*

_____

ZHI YONG HUANG,
    *Petitioner,*

v.                                          20-453
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:            Adedayo O. Idowu, Esq., New York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting Assistant Attorney General; Holly

M. Smith, Senior Litigation Counsel; Brett F. Kinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Zhi Yong Huang, a native and citizen of the People's Republic of China, seeks review of a January 15, 2020, decision of the BIA affirming a May 1, 2018, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Yong Huang,* No. A205 216 718 (B.I.A. Jan. 15, 2020), *aff'g* No. A205 216 718 (Immig. Ct. N.Y. City May 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We do not reach

2

Huang's challenge to the IJ's denial of his asylum claim as untimely because the BIA did not affirm the IJ's decision on that basis. *Xue Hong Yang*, 426 F.3d at 522. We review the dispositive adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Huang's internally

3

inconsistent testimony regarding the frequency and timing of the beatings that allegedly occurred during his detention and whether his employer informed his mother that he was detained. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). These inconsistencies provide strong support for the adverse credibility determination because they relate to the sole incident of alleged persecution – his detention. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). The agency was not required to credit Huang's explanations because they did not resolve the inconsistencies, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); and Huang did not submit a corroborating statement from his mother, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The adverse credibility determination is bolstered by the IJ's demeanor finding, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), particularly as the record reflects where the IJ noted pauses in Huang's testimony. "We give particular deference" to that finding, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), because an IJ is in the "best position to discern . . . whether a witness who hesitated in a response

4

was nevertheless attempting truthfully to recount what he recalled . . . or struggling to remember the lines of a carefully crafted script," *Majidi*, 430 F.3d at 81 n.1 (internal quotation marks omitted).

Given Huang's inconsistent statements and the deference we accord the demeanor finding, substantial evidence supports the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165–66. Contrary to Huang's argument that he stated a CAT claim, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Huang also raised a due process claim before the agency, arguing that the IJ's recollection of the hearing was compromised because the IJ issued his written decision three years after the hearing. But he did not adequately raise this argument on appeal and thus has failed to preserve it for our review*. See Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2000).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court
</pre>